UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERMAN KEMP, | * | |
| Petitioner | * | |
| | * | |
| v. | * | Crim. No. L-07-0295 |
| | * | Civil No. L-09-1575 |
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent | * | |

*******

**MEMORANDUM**

Now pending is *pro se* petitioner Sherman Kemp's motion to vacate his sentence

pursuant to 28 U.S.C. § 2255. Because the facts and legal arguments are adequately set forth in

the existing record, an evidentiary hearing is not necessary. See United States v. Yearwood, 863

F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if

the record of the case conclusively shows that petitioner is entitled to no relief"). For the reasons

set forth below, the Court will, by separate Order of even date, DISMISS Kemp's petition

without prejudice.

I.      **BACKGROUND**

A four-count indictment charged Sherman Kemp with conspiracy to possess with intent

to distribute over 5 kilograms of cocaine in violation of 21 U.S.C. § 846 (Count One), possession

of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c) (Count

Two), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count Three),

and possession with intent to distribute over 500 grams of cocaine in violation of 21 U.S.C.

§ 841 (Count 4). Kemp pled guilty to all four counts on July 17, 2008.

On October 10, 2008, this Court sentenced Kemp to 120 months on Count One and 87

months on Counts Three and Four to run concurrently. The Court sentenced Kemp to 60 months

1

on Count Two to run consecutively to all other counts, for a total incarceration of 180 months.

Kemp filed no appeal.  On June 15, 2009, Kemp filed the instant Motion to Vacate, Set Aside, or

Correct his sentence under 28 U.S.C. § 2255,[1] arguing that the Court committed plain error in

imposing the consecutive 60 month sentence for Count Two.

## II.     ANALYSIS

In his plea agreement, Kemp waived most of the grounds upon which he could take an

appeal.  Paper No. 74, p. 17.  Assuming that the instant claim was not waived, Kemp made no

direct appeal.  Kemp has, therefore, procedurally defaulted.  See United States v. Harris, 183

F.3d 313, 317 (4th Cir. 1999).

Despite having procedurally defaulted his claim, Kemp may collaterally attack his

sentence under § 2255 if he can show both cause for and actual prejudice from the default, see

Murray v. Carrier, 477 U.S. 478 (1986), or that he is actually innocent, see Smith v. Murray, 477

U.S. 527, 537 (1986).  Kemp has made no attempt to argue cause, actual prejudice, or actual

innocence.  Accordingly, his petition for collateral review must be dismissed.

## III.    CONCLUSION

Kemp's petition must be dismissed because he has procedurally defaulted his claims.

Accordingly, the Court will, by separate Order of even date, DISMISS Kemp's petition without

prejudice.

Should Kemp choose to appeal the judgment of this Court to the United States Court of

Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the

Clerk of this Court within 60 days after the date of the entry of the judgment order.  Upon

reviewing the notice of appeal, this Court will either issue a certificate of appealability or state

why a certificate should not issue in accordance with Federal Rule of Appellate Procedure

---

[1] Kemp did not file a reply memorandum despite the Court's Order that he do so.

2

22(b)(1).  If this Court should deny certification, Kemp may request a circuit judge of the United

States Court of Appeals for the Fourth Circuit to issue the certificate.

It is so ORDERED this 26th day of March, 2010.

_____/s/_____
Benson Everett Legg
United States District Judge