FILED: October 27, 2010

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

No. 10-7024
(1:09-cv-01575-BEL)
(1:07-cr-00295-BEL-1)

---

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

SHERMAN KEMP

Defendant - Appellant

---

J U D G M E N T

---

In accordance with the decision of this Court, this appeal is dismissed.

This judgment shall take effect upon issuance of this Court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-7024**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHERMAN KEMP,

Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. Benson Everett Legg, District Judge. (1:07-cr-00295-BEL-1; 1:09-cv-01575-BEL)

---

Submitted: September 22, 2010 Decided: October 27, 2010

---

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Sherman Kemp, Appellant Pro Se. Ayn Brigoli Ducao, OFFICE OF THE UNITED STATES ATTORNEY, Charles Joseph Peters, Sr., Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherman Kemp seeks to appeal the district court's order dismissing without prejudice his 28 U.S.C.A. § 2255 (West Supp. 2010) motion to vacate his sentence. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on March 26, 2010. The notice of appeal was filed on July 19, 2010. Along with his untimely notice of appeal, Kemp filed a motion to extend time in which to file a notice of appeal based on his claim that the district court sent the final order as well as an order to reply to the Government's response to the federal prison at which Kemp had been previously confined, prior to his transfer to a different facility. The district court, applying Fed. R. App. P. 4(a)(5), found that because Kemp had

failed to apprise the court of his change of address, and that failure resulted in the misrouted orders, he could not show good cause or excusable neglect for the delay, and denied Kemp's motion.

Because Kemp claimed that he never received the district court's order dismissing his § 2255 motion, the district court should have applied Fed. R. App. P. 4(a)(6) in evaluating Kemp's motion. Pursuant to Rule 4(a)(6), the district court may reopen the appeal period for fourteen days if it finds that: (1) a party entitled to notice of entry of judgment did not timely receive the notice, and (2) no party would be prejudiced. Fed. R. App. P. 4(a)(6). This provision requires a motion to reopen to be filed on or before the earlier of 180 days following entry of judgment or fourteen days after receipt of the judgment. Id.

Though the district court may have mistakenly applied Rule 4(a)(5)'s good cause and excusable neglect requirements to Kemp's motion, we conclude that had the court applied Rule 4(a)(6), the outcome would be the same. Rule 4(a)(6) is permissive, and allows a district court to deny a motion arising under that rule even if the movant meets the rule's requirements. See Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C. Cir. 1996) (affirming denial of Rule 4(a)(6) motion where movant failed to notify court of address change); see also

In re Jones, 970 F.2d 36, 39 (5th Cir. 1992) (noting that Rule 4(a)(6) is discretionary). Because Kemp's failure to keep the court apprised of his address change led to his not receiving the court's orders, he is not entitled to relief under Rule 4(a)(6) for the same reason he was not entitled to relief under Rule 4(a)(5).

We therefore dismiss the appeal as untimely. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

FILED: October 27, 2010

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-7024, US v. Sherman Kemp
1:09-cv-01575-BEL, 1:07-cr-00295-BEL-1

---

NOTICE OF JUDGMENT

---

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourtus.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the Court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the Court did not receive a voucher, forms and instructions are available from the Court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition

must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this Court, or another Court of Appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the Court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).